UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BENJAMIN RAYMOND DE LOS SANTOS, | ) ) ) | 1:08-cv-01852-LJO MJS HC |
| Petitioner, | ) ) | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |
| v. | ) ) | [Doc. 19] |
| JAMES D. HARTLEY, et al. | ) ) | |
| Respondents. | ) ) | |

Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On June 2, 2009, Petitioner filed a notice of appeal to the United States Court of Appeals for the Ninth Circuit. On May 18, 2010, this Court was informed by the Ninth Circuit that certificate of appealability was required to confer jurisdiction in this matter due to the recent decision in <u>Hayward v. Marshall</u> 603 F.3d 546 (9th Cir. 2010). However, as this matter remained referred to a retired Magistrate Judge, the matter was not promptly brought to the attention of the Court. As a certificate of appealability must issue for the matter to be properly heard on appeal, and the Court shall review the matter for that limited purpose.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition; an appeal is only allowed in certain circumstances. <u>Miller-El v. Cockrell</u>,

123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)  (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

On May 12, 2009, this Court denied with prejudice the petition challenging the California Board of Parole Hearing's ("Board") December 2006 decision denying Petitioner parole. (ECF No. 19.) The Court based its denial of the petition on the fact that some evidence in the record supported the Board's finding that Petitioner would pose an unreasonable risk of danger to society and a threat to public safety if released from prison. (Id. at 12-14.); In re Lawrence, 44 Cal. 4th 1181, 1205-06 (2008). According to the Court, the state court decision upholding the Board's finding was supported by evidence of: 1) the violent nature of the original offense, 2) the escalating pattern of Petitioner's criminal conduct before the commitment offense, and 3) Petitioner's most recent psychological report was not supportive of

1 Petitioner's release. (Id.)

2      In the present case, the Court finds that reasonable jurists would not find the Court's
3 determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving
4 of encouragement to proceed further. Petitioner has not made the required substantial showing of the
5 denial of a constitutional right.  Accordingly, the Court hereby DECLINES issuance of a certificate of
6 appealability.

                  IT IS SO ORDERED.

**Dated:   October 5, 2010**           **/s/ Lawrence J. O'Neill**
                                          UNITED STATES DISTRICT JUDGE